UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
JAN 30 2008
1-30-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **08CR 0076** |
| v. ) | |
| ) | Violation: Title 18, United |
| WILLIAM SARGENT, JR. ) | States Code, Section 1341 |

JUDGE DOW

MAGISTRATE JUDGE SCHENKIER

### COUNT ONE

The SPECIAL MARCH 2007 GRAND JURY charges:

1. At times material to this indictment:

    (a) The American Federation of Government Employees Local 704 (the "union"), was a labor organization subject to the Civil Service Reform Act of 1978.

    (b) The union, as a labor organization subject to the Civil Service Reform Act of 1978, was required to file LM-3 reports with the Office of Labor-Management Standards each fiscal year.

    (c) Defendant WILLIAM SARGENT, JR. was the union's treasurer. In his capacity as treasurer, SARGENT was responsible for the financial activities of the union including depositing the union's receipts, paying bills from the union's checking account, maintaining financial records and preparing financial reports.

    (d) The union maintained one general checking account with Amalgamated Bank in Chicago, Illinois. SARGENT, in his capacity as treasurer, and the individual serving as president of the union, were the authorized co-signers on all checks associated with the union's account at Amalgamated Bank.

    (e) The union had a Mastercard credit card which SARGENT, as treasurer, had the authority to use for union-based expenses.

2. Beginning on or about January 12, 2000 and continuing to on or about July 19, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM SARGENT, JR.,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, which scheme is further described below.

3. It was a part of the scheme that SARGENT fraudulently and without authority used the union's Mastercard for personal cash advances and personal expenses totaling approximately $31,015.29.

4. It was further part of the scheme that SARGENT prepared and co-signed checks made payable to Mastercard to pay the credit card bills resulting from his unauthorized cash withdrawals and unauthorized credit card purchases. SARGENT then caused the individual serving as the union's president to co-sign those checks.

5. It was further part of the scheme that SARGENT, for the purpose of concealing and perpetrating the scheme, prepared and issued LM-3 reports for fiscal years 2002, 2003, and 2004 in which he falsely listed the unauthorized credit card expenditures as legitimate, union-related expenses.

6. It was further part of the scheme that between approximately January 12, 2000 and July 19, 2005, SARGENT fraudulently and without authority, used and caused to be used the union's Mastercard for the purpose of making personal purchases totaling approximately $31,015.29.

7. It was further part of the scheme that SARGENT did misrepresent, conceal and hide,

and cause to be misrepresented, concealed and hidden the purposes of the acts done in furtherance of the scheme.

8. On or about July 6, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

WILLIAM SARGENT, JR.,

defendant herein, for the purpose of executing and attempting to execute the scheme described above, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope addressed to Mastercard-Amalgamated Bank, P.O. Box 1106, Chicago, Illinois, 60690-1106, which envelope contained a check dated July 6, 2004, written on the union's Amalgamated Bank account in the amount of $1985.75, made payable to Mastercard;

In violation of Title 18, United States Code, Section 1341.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY