UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 08 CR 76 |
| Plaintiff, ) | Robert M. Dow Jr., |
| ) | Judge Presiding |
| vs. ) | |
| ) | |
| WILLIAM SARGENT, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO EXTEND TIME FOR FILING PRE-TRIAL MOTIONS

WILLIAM SARGENT, by his appointed counsel, Leonard C. Goodman, moves this Honorable Court to enter an order extending the time for the defendant to file his pre-trial motions for four weeks or until April 30, 2008. In support of this motion, the following is offered:

1. Mr. Sargent is charged with one count of mail fraud in violation of 18 U.S.C. § 1341.

2. Mr. Sargent is employed by the Environmental Protection Agency as supply clerk. He has worked for the EPA for more than thirty years. Sargent is also a member of the American Federation of Government Employees Local 704 (the "union").

3. From 2000 until 2005, Sargent was the elected Treasurer of the union. The mail fraud charge in this case arises out of Sargent's activities as Treasurer. As Treasurer, Sargent had the use of a credit card which he used for union-based expenses. However, during his tenure as Treasurer, Sargent used this credit card to pay personal expenses as well as union-related expenses.

4. Sargent admitted his misconduct in 2005, re-paid approximately $8,900 of the funds owed to his union, and agreed to enter a re-payment plan for the remaining funds. Nevertheless, in 2008, the federal government indicted him for mail fraud.

5. The only significant legal issue in this case is whether Sargent's theft from his

union is a federal offense under 18 U.S.C. § 1341. According to the indictment, Sargent's theft becomes federal because he used the United States mails to pay the union's credit card bills.

6.     In *Parr v. United States*, 363 U.S. 372 (1960), a number of individuals and two state banks were indicted for an alleged scheme to defraud, by use of the mails, both an independent school district as well as the taxpayers of Texas. While various different kinds of schemes were alleged in the indictment, most relevant to this case were the charges that two defendants used a school district-issued credit card to secure, for their personal use, gasoline and oil. The "mailings" which the government asserted brought the case within the mail fraud statute, included the invoices sent by the oil company to the school district, as well as the district's check to the oil company as payment. The United States Supreme Court noted that the charges against the defendants "were essentially state crimes and could become federal ones, under the mail fraud statute, only if the mails were used 'for the purpose of executing such scheme.'" *Parr,* 363 U.S. at 385 (citing 18 U.S.C. § 1341). The Court reversed the defendants' conviction, finding an insufficient connection between the mailing and the execution of the defendant's scheme. The Court stated: "[T]he showing, however convincing, that state crimes of misappropriation, conversion, embezzlement and theft were committed does not establish the federal crime of using the mails to defraud, and, under our vaunted legal system, no man, however bad his behavior, may be convicted of a crime of which he was not charged, proven and found guilty in accordance with due process." *Id.*, 363 U.S. at 393-94.

7.     Counsel respectfully requests an additional three weeks to complete research on this important legal issue. The reason for this request is counsel's obligations in other cases, including a final deadline of April 3, 1998, to file pre-trial motions in the murder case of *People v. Raygoza*, No. 97 CR 18939 (Cook County Circuit Court, Judge Toomin), and the preparation for trial scheduled for April 14 in *People v. Muhammed,* No. 06 CR 22152 (Cook County Circuit Court, Judge Salone).

WHEREFORE, based on the foregoing, Defendant William Sargent respectfully moves this Honorable Court to extend for four weeks, or until April 30, the time for filing his pre-trial motions.

Respectfully submitted,

/s/ Leonard C. Goodman

Leonard C. Goodman
53 W. Jackson
Suite 1220
Chicago, Illinois 60604
(312) 986-1984